PER CURIAM.
In the guise of a motion for clarification of his probation conditions, the appellant attacks his convictions for various counts of computer child exploitation; attempted lewd conduct; transmission of material harmful to minors by electronic device; and promoting sexual performance by a child, charges to which he pled guilty. We affirm the denial of the motion for clarification. Appellant contends that his probation needs clarifying because some of the conditions, such as sexual offender status, would apply only if there were a victim of his crimes, and he claims that there was no ■victim of his crimes. This constitutes an attack on his conviction and must be brought through a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Even if we were to consider the motion for clarification as a motion to correct an illegal sentence, to the extent that he is arguing that there was no factual basis for his guilty plea, rule 3.800(a) motions are not used to resolve factual disputes. See Krawic v. State, 666 So.2d 599 (Fla. 4th DCA 1996).
GROSS, C.J., WARNER and TAYLOR, JJ., concur.